# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 55

*April Term, A.D. 2020*

*April 29, 2020*

BOARD OF PROFESSIONAL
RESPONSIBILITY, WYOMING
STATE BAR,
Petitioner,

V.                                                                              D-20-0001

RONALD G. PRETTY, WSB # 5-1466,

Respondent.

## ORDER OF 90-DAY SUSPENSION

[¶ 1]    **This matter** came before the Court upon the Board of Professional Responsibility's "Report and Recommendation for Order of 90-Day Suspension," filed herein April 14, 2020, pursuant to Rule 12 of the Wyoming Rules of Disciplinary Procedure (Stipulated Discipline). After a careful review of the Report and Recommendation and the file, the Court finds the Report and Recommendation should be approved, confirmed and adopted by the Court, and that Ronald G. Pretty should be suspended from the practice of law for 90 days. It is, therefore,

[¶ 2]    **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Order of 90-Day Suspension, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3]    **ADJUDGED AND ORDERED** that, as a result of the conduct set forth in the Report and Recommendation for Order of 90-Day Suspension, Respondent Ronald G. Pretty shall be, and hereby is, suspended from the practice of law for a period of 90 days, with the period of suspension to begin May 11, 2020; and it is further

[¶ 4]   **ORDERED** that, during the period of suspension, Respondent shall comply with the requirements of the Wyoming Rules of Disciplinary Procedure, particularly the requirements found in Rule 21 of those rules; and it is further

[¶ 5]   **ORDERED** that, pursuant to Rule 25 of the Wyoming Rules of Disciplinary Procedure, Respondent shall reimburse the Wyoming State Bar the amount of $50.00, representing the costs incurred in handling this matter, as well as pay the administrative fee of $750.00.  Respondent shall pay the total amount of $800.00 to the Wyoming State Bar on or before July 1, 2020.  If Respondent fails to make payment in the time allotted, execution may issue on the award; and it is further

[¶ 6]   **ORDERED** that the Clerk of this Court shall docket this Order of 90-Day Suspension, along with the incorporated Report and Recommendation for Order of 90-Day Suspension, as a matter coming regularly before this Court as a public record; and it is further

[¶ 7]   **ORDERED** that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this Order of 90-Day Suspension, along with the incorporated Report and Recommendation for Order of 90-Day Suspension, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶ 8]   **ORDERED** that the Clerk of this Court cause a copy of this Order of 90-Day Suspension to be served upon Respondent Ronald G. Pretty.

[¶ 9]   **DATED** this 29ᵗʰ day of April, 2020.

BY THE COURT:

/s/

**MICHAEL K. DAVIS**
**Chief Justice**

D-20-0001

IN THE SUPREME COURT
STATE OF WYOMING
FILED

APR 14 2020

PATRICIA BENNETT, CLERK

**BEFORE THE SUPREME COURT
STATE OF WYOMING**

*In the matter of* )
*RONALD G. PRETTY,* )
*WSB #5-1466,* )
) *WSB No. 2020-001*
)
*Respondent.* )

---

## REPORT AND RECOMMENDATION
## FOR ORDER OF 90-DAY SUSPENSION

---

THIS MATTER came before a Review Panel of the Board of Professional Responsibility on the 9th day of April, 2020, for consideration of the Stipulation for 90-Day Suspension submitted pursuant to Rules 9 and 12 of the Wyoming Rules of Disciplinary Procedure, and the Review Panel having reviewed the Stipulation, the accompanying affidavit of conditional admission and being fully advised in the premises, FINDS, CONCLUDES and RECOMMENDS as follows.

1. Respondent has been licensed to practice law in Wyoming since 1975 and maintains a solo practice in Cheyenne, Wyoming. As more fully described below, Respondent has been the subject of prior discipline.

2. The present proceeding was initiated following Bar Counsel's receipt of a complaint against Respondent from Emily Smith, Executive Director of the Wyoming Guardianship Corporation (WGC). Ms. Smith's complaint related to Respondent's conduct with respect to WGC's ward, an elderly woman hereinafter referred to as ECH, who at all times relevant to this proceeding was a resident of an assisted living facility in Cheyenne.

3. In 2018, Respondent represented ECH's adult daughter, MB, on a petition for appointment of a temporary or emergency guardian for ECH. As a result of that petition, Cheyenne

attorney Ben Sherman was appointed as ECH's guardian ad litem. Sherman requested that WGC be appointed to serve as ECH's guardian. In May 2019, WGC accepted ECH as a client.

4.   On November 22, 2019, Respondent filed a motion on behalf of MB to require WGC to allow ECH to draft a new will. In response to the motion, WGC's attorney, Doug Bailey of Cheyenne, advised the district court that it should be left to ECH's estate planning attorney to determine if ECH had testamentary capacity. WGC's attorney also expressed concern that it would not be appropriate for Respondent to draft a will for ECH that would benefit Respondent's client, MB. Following hearing, the district court issued an order holding that WGC was handling the issue of ECH's testamentary capacity and the possibility of changing her estate plan appropriately. In an order dated December 30, 2019, the district court denied Respondent's motion to require WGC to allow ECH to draft a new will.

5.   On January 7, 2020, WGC informed Mr. Bailey that MB had checked ECH out of the assisted living facility and that the sign-out sheet indicated that MB took ECH "to an attorney." Upon inquiry, MB refused to say where she took her mother. Mr. Bailey immediately sent an email to Respondent:

> Please let me know if you know anything about this, and if you don't, please find out from your client. Did [MB] bring [ECH} to you for you to create a will or some other estate planning document for [ECH]? If [MB] refuses to provide this information to WGC, WGC will have to take steps to protect [ECH], which might include prohibiting [MB] from seeing [ECH] unsupervised. [MB's] behavior and refusal to cooperate with the court-ordered guardian is very concerning and might even be considered elder exploitation.

6.   Respondent responded by email on January 8, 2020:

> I have nothing but respect for Judge Sharpe. I have dealt with him ever since he was a baby lawyer at Hirst and Applegate. However, I believe he was totally wrong at our last hearing, but that will be fodder for an appeal. I filed a Rule 58 because he had not put in his Order what I believe he did order. Be that as it may, [ECH] came to see me about a will. I did a standard will. What do you think I should do with it?

2

7. The will Respondent drafted for ECH named MB as a beneficiary of ECH's estate. It named MB as executrix and Respondent as alternate executor. The new will identified Respondent as ECH's attorney. Apparently, the new will was never executed.

8. As evidenced by his affidavit of factual basis, Respondent conditionally admitted that his conduct as set forth above violated Rule 1.7(a) (conflict of interest) because he undertook to concurrently represent two people with potentially conflicting interests and Respondent did not obtain each client's written, informed consent to the dual representation. The same conduct violated Rule 3.4(c) because Respondent's actions with respect to the new will were contrary to the district court's order. Finally, Respondent violated Rule 8.4(d) (conduct prejudicial to the administration of justice) because his conduct took up the court's time and resources and caused WGC to incur attorney fees that should not have been necessary.

9. Aggravating factors include: (1) prior discipline; (2) vulnerability of the victim; and (3) substantial experience in the practice of law.

10. Prior discipline. Respondent was the recipient of a public censure in 2013 for a matter in which Respondent accepted a $2,500 retainer to represent a client. Respondent failed to perform work on the case and failed to return the client's telephone calls. The client terminated Respondent's representation and submitted a complaint to Bar Counsel. In response to Bar Counsel's inquiry, Respondent returned the $2,500 retainer but failed to respond to Bar Counsel's proposal that Respondent agree to a public censure. Even after formal disciplinary charges were brought, Respondent continued to send the client a bill for a "balance due" in the amount of $425.00. At the disciplinary hearing, Respondent admitted that he violated Rules 1.1 (competence), 1.3 (diligence) and 1.4 (communication with client) and stipulated to a public censure, which was approved by the Board of Professional Responsibility and issued by the Wyoming

3

Supreme Court. Respondent was ordered to pay an administrative fee and costs totaling $2,357.89. *See Bd. of Prof. Resp. v. Pretty*, 295 P.3d 833 (Wyo. 2013).

11. Respondent received a private reprimand in 2019 after he had been sanctioned by a district court judge for making a negligent but material misrepresentation in a pleading. Respondent admitted that such conduct violated Rules 3.1(b) (meritorious claims and contentions) and 8.4(d) (conduct prejudicial to the administration of justice). The following press release accompanied the Review and Oversight Committee's Order of Private Reprimand:

> The Review and Oversight Committee has issued a private reprimand to a Wyoming attorney who was previously reprimanded and sanctioned by a judge for making a negligent but material misrepresentation in a pleading submitted to the court. The attorney agreed to the private reprimand and to pay an administrative fee in the amount of $750.00 and costs of $50.00 to the Wyoming State Bar.

12. A 90-day suspension is an appropriate sanction for Respondent's misconduct. If the Court issues an Order of 90-Day Suspension in accordance with this report and recommendation, Bar Counsel and Respondent have agreed to the following press release:

> The Wyoming Supreme Court issued an order suspending Cheyenne attorney Ronald G. Pretty from the practice of law for a period of ninety (90) days. The order of suspension stemmed from Pretty's conduct in drafting a will for an elderly woman which named her daughter (Pretty's client) as executrix and as a beneficiary and identified Pretty as the elderly woman's lawyer and alternate executor. Pretty took such action despite the fact that Pretty was aware that the elderly woman was the ward of Wyoming Guardianship Corporation (WGC). Pretty further took such action despite the fact that in the elderly woman's guardianship proceeding, the district court had recently denied Pretty's motion to require WGC to allow the elderly woman to draft a new will. Pretty stipulated that his conduct violated Rules 1.7 (conflict of interest), 3.4(c) (duty to comply with court order) and 8.4(d) (conduct prejudicial to the administration of justice) of the Wyoming Rules of Professional Conduct. Pretty agreed to the suspension, which was recommended to the Supreme Court by a Review Panel of the Board of Professional Responsibility of the Wyoming State Bar. Pretty was ordered to pay an administrative fee in the amount of $750.00 and costs of $50.00 to the Wyoming State Bar.

4

## Conclusions of Law

13.    Rule 1.7(a), Wyo.R.Prof.Cond., prohibits a lawyer from concurrent representation of clients with conflicting interests.

14.    Rule 3.4(c), Wyo.R.Prof.Cond., provides, "A lawyer shall *** knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

15.    Rule 8.4(d), Wyo.R.Prof.Cond., provides, "It is professional misconduct for a lawyer to ... engage in conduct that is prejudicial to the administration of justice."

16.    Rule 15(b)(3)(D), Wyo.R.Disc.Proc., provides that in imposing a sanction for professional conduct, the BPR shall apply the ABA Standards for Imposing Lawyer Sanctions (the "ABA Standards"). Pertinent to the present Stipulation, it is necessary to apply the ABA Standards relevant to the duties violated by Respondent as well as aggravating and mitigating factors.

17.    Respondent's violation of Rules 1.7(a) (conflict of interest) implicates Standard 4.3, "Failure to Avoid Conflicts of Interest," which provides:

> Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving conflicts of interest:

> 4.31    Disbarment is generally appropriate when a lawyer, without the informed consent of client(s):
>     (a)    engages in representation of a client knowing that the lawyer's interests are adverse to the client's with the intent to benefit the lawyer or another, and causes serious or potentially serious injury to the client; or
>     (b)    simultaneously represents clients that the lawyer knows have adverse interests with intent to benefit the lawyer or another, and causes serious or potentially serious injury to a client; or
>     (c)    represents a client in a matter substantially related to a matter in which the interests of a present or former client are materially adverse, and knowingly uses information relating to the representation of a client with the intent

5

to benefit the lawyer or another, and causes serious or potentially serious injury to a client.

4.32 Suspension is generally appropriate when a lawyer knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client.

4.33 Reprimand [i.e., "public censure" under Rule 9(a)(3), W.R.Disc.P.] is generally appropriate when a lawyer is negligent in determining whether the representation of a client may be materially affected by the lawyer's own interests, or whether the representation will adversely affect another client, and causes injury or potential injury to a client.

4.34 Admonition [i.e., "private reprimand" under Rule 9(a)(4), W.R.Disc.P.] is generally appropriate when a lawyer engages in an isolated instance of negligence in determining whether the representation of a client may be materially affected by the lawyer's own interests, or whether the representation will adversely affect another client, and causes little or no actual or potential injury to a client.

18. Respondent's violations of Rule 3.4(c) and Rule 8.4(d) implicate Standard 6.2, which provides:

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving failure to expedite litigation or bring a meritorious claim, or failure to obey any obligation under the rules of the tribunal except for an open refusal based on an assertion that no valid obligation exists:

6.21 Disbarment is generally appropriate when a lawyer knowingly violates a court order or a rule with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a party or causes serious or potentially serious interference with a legal proceeding.

6.22 Suspension is generally appropriate when a lawyer knows that he or she is violating a court order or rule, and causes injury or potential injury to a client or a party, or causes interference or potential interference with a legal proceeding.

6.23 Reprimand is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding.

6.24 Admonition is generally appropriate when a lawyer engages in an isolated instance of negligence in complying with a court order or rule, and causes little or no actual or potential injury to a party, or causes little or no actual or potential interference with a legal proceeding.

50. ABA Standard 9.0, entitled "Aggravation and Mitigation," provides as follows:

9.1 *Generally*

After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.

9.2    *Aggravation*

9.21    *Definition.* Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed.

9.22    *Factors which may be considered in aggravation.* Aggravating factors include:

(a)    prior disciplinary offenses;

(b)    dishonest or selfish motive;

(c)    a pattern of misconduct;

(d)    multiple offenses;

(e)    bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;

(f)    submission of false evidence, false statements, or other deceptive practices during the disciplinary process;

(g)    refusal to acknowledge wrongful nature of conduct;

(h)    vulnerability of the victim;

(i)    substantial experience in the practice of law;

(j)    indifference in making restitution; and

(k)    illegal conduct, including that involving the use of controlled substances.

9.3    *Mitigation.*

9.31    *Definition.* Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.

9.32    *Factors which may be considered in mitigation.* Mitigating factors include:

(a)    absence of a prior disciplinary record;

(b)    absence of a dishonest or selfish motive;

(c)    personal or emotional problems;

(d)    timely good faith effort to make restitution or to rectify consequences of misconduct;

(e)    full and free disclosure of disciplinary board or cooperative attitude toward proceedings;

(f)    inexperience in the practice of law;

(g)    character or reputation;

(h)    physical disability;

(i)    mental disability or chemical dependency including alcoholism or drug abuse when:

(1)    there is medical evidence that the respondent is affected by a chemical dependency or mental disability;

(2)    the chemical dependency or mental disability caused the misconduct;

7

(3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and

(4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely.

(j) delay in disciplinary proceedings;

(k) imposition of other penalties or sanctions;

(l) remorse; and

(m) remoteness of prior offenses.

9.4    *Factors Which Are Neither Aggravating nor Mitigating.*

The following factors should not be considered as either aggravating nor mitigating:

(a) forced or compelled restitution;

(b) agreeing to the client's demand for certain improper behavior or result;

(c) withdrawal of complaint against the lawyer;

(d) resignation prior to completion of disciplinary proceedings;

(e) complainant's recommendation as to sanction; and

(f) failure of injured client to complain.

## Recommendations

In consideration of the Review Panel's findings of fact and conclusions of law, the parties' Stipulation, and the facts and conditional admissions in the accompanying Affidavit, the Board recommends the Wyoming Supreme Court issue an order:

1.    Suspending Respondent from the practice of law for a period of 90 days.

2.    Requiring Respondent to pay an administrative fee of $750.00 and costs of $50.00 to the Wyoming State Bar within 10 days of the order of suspension.

3.    Directing the Wyoming State Bar to issue the parties' stipulated press release as set forth above.

DATED this _10th_ day of April, 2020.

Jeffrey A. Donnell, Chair
Board of Professional Responsibility
Wyoming State Bar

8